# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | Case No. 10-20017-1-CM |
| ) | |
| **JAVIER RUIZ-BARRAZA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Pending before the court is defendant's Motion for Time Reduction by an Inmate in Federal Custody. (Doc. 56). Defendant requests a reduction in his sentence pursuant to equal rights protections under Amendments I, VI, VII and XIV. Defendant requests the court to reduce his sentence by one year as a result of participation in a drug program during his incarceration. Defendant further believes that he is entitled to a half-way house placement while on early supervised release pursuant to 18 U.S.C. § 3583(d). For the reasons set out below, the court denies defendant's motion.

## I. Factual and Procedural Background

Defendant pleaded guilty to one count of conspiracy to distribute more than fifty grams of methamphetamine. He was sentenced by this court on September 7, 2010, to 120 months. As of September 28, 2011, defendant claims he is still incarcerated at Corrections Corporation of America, but will be transferred to a Bureau of Prisons facility shortly.

## II. Legal Standard(s)

A court may not modify a term of imprisonment once it has been imposed, unless the request falls under three exceptions: (1) if the Director of the Bureau of Prisons files the motion based on specific conditions; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Graham*, 304 Fed. App'x 686, 687–88 (10th Cir. 2008) (citing §§ 3582(c)(1)(A), (c)(1)(B) and (c)(2)).

### III. Analysis

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Jensen*, No. 2:09-CR-347 TS, 2010 WL 4791437, at *1 (D. Utah Nov. 18, 2010). Defendant's request is premature because he has not demonstrated that he has attended a drug program during his incarceration, or that he is currently on supervised release. He has also failed to demonstrate that he would qualify for half-way house placement under early supervised release pursuant to 18 U.S.C. § 3583(d).

Further, defendant's request does not fall into any of the exceptions under 18 U.S.C. § 3582(c). If and when he qualifies for a sentence credit based on participation in a drug program while incarcerated, the request would need to be addressed with the Bureau of Prisons first. "Only the Attorney General through the Bureau of Prisons has the power to grant sentence credit." *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

**IT IS THEREFORE ORDERED** that defendant's Motion for Time Reduction by an Inmate in Federal Custody (Doc. 56) is denied.

Dated this 15th day of November, 2011, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**